OPINION
Appellant April Kasper appeals from the June 29, 1999, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division finding Adam Kasper, Chad Kasper and Eric Kasper to be dependent children pursuant to R.C. 2151.04(A) and (C) and awarding temporary custody of the three children to the Stark County Department of Human Services.
STATEMENT OF THE FACTS AND CASE, Appellant April Kasper is the mother of Eric Kasper (DOB 10-27-84), Adam Kasper (DOB 4-1-96), and Chad Kasper (DOB 10-23-91). On February 26, 1999, the Stark County Department of Human Services (SCDHS) filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging that the three Kasper children were neglected and/or dependent children. The complaint requested that temporary custody of the three children be granted to SCDHS. At the time the complaint was filed, Eric Kasper already had been placed in the temporary custody of SCDHS by the Canton Police Department pursuant to Juvenile Rule 6. After a shelter care hearing, which was held the same day that the complaint was filed, temporary custody of the three children was granted to SCDHS. Subsequently an evidentiary hearing before a Magistrate commenced on May 21, 1999. The following evidence was adduced at the hearing. As is stated above, on February 26, 1999, SCDHS filed a complaint alleging that Eric, Chad and Adam Kasper were dependent and/or neglected children. SCDHS became involved after Eric Kasper, appellant's oldest son, contacted the SCDHS and informed them that he was afraid to go home. At the time the complaint was filed, appellant had been living with her three sons for over thirty days in the Coleman Family Shelter, which has a thirty day limit on stays. Tony Townsend, a housing support specialist with the YWCA who was assigned to help appellant find permanent housing, testified at the hearing that ". . . I seen her [appellant] one day pass my office so we brought her in and I told her, you know, it was past the 30 days and I'm telling her, you know, we really need to get you out of this place you know, you need to contact, you know,-we really need to get together so we can get you out of this shelter because I was, you know, just starting on the job, I felt kind of pressured and that here's my first client went over the 30 days, . . . and she wasn't cooperating with me." Transcript of Proceedings at 10. Although appellant claimed at the May 21, 1999, hearing to have found permanent housing, Townsend was never able to verify such claim. In addition, Cathryn Haskell, an intake worker with SCDHS, testified at the hearing that she has never been able to confirm whether or not appellant, who admitted to having been evicted in the past, has housing. Appellant herself testified at the May 21, 1999, hearing that she was "going to be homeless." Transcript of Proceedings at 43. George Kasper, appellant's father, also testified at the May 21, 1999, hearing. Mr. Kasper, who testified that he saw the three children almost daily, testified that he saw bruises on Chad's and Adam's arms and legs. Mr. Kasper also voiced his concerns that appellant's three children were not receiving proper nutrition, were not properly dressed, and were frequently absent from school. According to Mr. Kasper, "[s]ome of the things I seen in their lunches that their mother did pack, I wouldn't have ate `em myself." Transcript of Proceedings at 23. For this reason, Mr. Kasper delivered meals to the children every day at their school. While appellant claimed that she was estranged from her father, not only did Mr. Kasper pay for his three grandsons' private education after appellant failed to pay their tuition bills, but the school only had Mr. Kasper's number as an emergency contact for the children. Cathryn Haskell, a SCDHS intake worker, also testified at the hearing. Haskell, who became involved with the Kasper children after receiving concerns about emotional and/or physical abuse, testified that she observed bruises on Eric's left arm. Appellant herself admitted at the hearing to striking Eric with a brush. Haskell further testified that on February 25, 1999, Eric called her "just crying and saying, I can't take this anymore." Transcript of Proceedings at 77. As of February 25, 1999, Eric had called Haskell at least five or six times. Every time Haskell saw Eric, "there were more injuries on him, bruises on him." Transcript of Proceedings at 78. Haskell has never been able to confirm whether or not appellant has housing. At the conclusion of the dependency hearing and pursuant to an order filed on May 24, 1999, the Magistrate found appellant's three children to be dependent children under R.C. 2151.04(A) and (C). Following the dispositional hearing held immediately thereafter, the Magistrate recommended that temporary custody of the three children remain with SCDHS. A Judgment Entry memorializing the Magistrate's decision was filed on May 24, 1999. Three days later, appellant filed a Motion to Set Aside Magistrate's Order. The trial court, pursuant to a Judgment Entry filed on June 29, 1999, overruled appellant's objection, finding that appellant was going to be evicted from the shelter and refused to cooperate. After a timely appeal was filed by appellant on July 9, 1999, the trial court, on January 18, 2000, filed Findings of Fact and Conclusions of Law. It is from the trial court's June 29, 1999, Judgment Entry that appellant prosecutes her appeal, raising the following assignment of error:
 THE RULING OF THE TRIAL COURT FINDING DEPENDENCY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant, in her sole assignment of error, argues that the trial court's finding that Chad, Adam and Eric Kasper are dependent children under R.C. 2151.04(A) and (C) is against the manifest weight and the sufficiency of the evidence. We disagree. As an appellate court, we do not weigh the evidence or judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Thus, judgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. The Magistrate, in the case sub judice, specifically found the three children to be dependent children under R.C. 2151.04(A) and (C). R.C. 2151.04(A) defines a dependent child as one "[w]ho is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian or custodian." R.C.2151.04(C), in turn, defines a dependent child as one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." Pursuant to R.C. 2151.35(A), a trial court must find that a child is an abused, neglected, or dependent child by clear and convincing evidence. The focus of a charge of dependency is on the child and his or her conditions rather than the faults of the parents. In re Bishop (1987), 36 Ohio App.3d 123, 124. Upon review of the record, we find that there was sufficient competent, credible evidence to support the trial court's conclusion with clear and convincing evidence that Eric, Chad and Adam Kasper were homeless or destitute or without adequate parental care and that their condition or environment was such as to warrant the state, in the interests of the children, assuming guardianship. As is stated in detail above, testimony was adduced at the May 21, 1999, hearing that appellant, who exceeded the 30 day time limit for staying in the shelter, refused to follow through with Tony Townsend's attempts to find appellant permanent housing. Although appellant claimed to have located housing on her own, none of the social workers involved in this case were able to confirm appellant's claim or to inspect the alleged housing. Most importantly, appellant herself admitted at the hearing that she was "going to be homeless". Appellant's admission was confirmed by Cathryn Haskell, who testified at the hearing that it was her understanding that appellant's housing was going to be terminated. In short, there was competent and credible evidence in the record that appellant failed to maintain stable and appropriate housing as required by appellant's case plan. Testimony was also adduced at the May 21, 1999, hearing that Eric Kasper, whom appellant had admitted to hitting with a brush, was fearful of returning home and did not get along with appellant. In addition to the bruises that Haskell observed on Eric's body, Mr. Kasper, the childrens' grandfather, also observed bruises on the other two children. Mr. Kasper also testified regarding his concerns that the three children were improperly dressed, did not receive proper nutrition and were frequently absent from school. Based on the foregoing, we find that there was sufficient competent and credible evidence in the record supporting the trial court's finding that Adam, Eric and Chad Kasper were dependent children under R.C. 2151.04(A) and (C). Specifically, there was competent and credible evidence in the record that Eric, Chad and Adam Kasper were homeless or destitute or without adequate parental care and that their condition or environment while in the custody of appellant was such as to warrant the state in assuming guardianship. Accordingly, the trial court's determination that the three children are dependent children under R.C. 2151.04(A) and (C) is not against the manifest weight or the sufficiency of the evidence. Appellant's first assignment of error, therefore, is overruled.
The judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.
 ___________________ Edwards, J.
By Edwards, J. Gwin, P.J. and Wise, J. concurs